**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

TEJAS VISHNUBHAI PAREKH,

               Petitioner,

    v.

WARDEN,      PIKE     COUNTY
CORRECTIONAL FACILITY,

               Respondent.

CIVIL ACTION NO. 3:26-CV-02097

(MEHALCHICK, J.)

## ORDER

Before the Court is Tejas Vishnubhai Parekh's ("Parekh") petition for writ of habeas corpus. (Doc. 1). Parekh asks the Court to declare his detention illegal and to provide any other appropriate remedy. (Doc. 1, at 8). Parekh's instant petition is substantially similar to another petition for writ of habeas corpus pending before the Court. (Doc. 1); *Parekh v. Warden*, 3:26-CV-1835, Dkt. No. 1. For the following reasons, the Court will **STRIKE** Parekh's instant petition.

The prohibition against successive petitions filed under 28 U.S.C. § 2254 or 28 U.S.C. § 2255 does not apply to petitions for habeas corpus filed in the immigration context under 8 28 U.S.C. § 2241; however, the abuse of writ doctrine may apply to bar successive immigration habeas petitions. *Zayas v. I.N.S.*, 311 F.3d 247, 255-56 (3d Cir. 2002); *Abdel-Whab v. Secretary of Dept. of Homeland Sec.*, 132 F. App'x 988, 989-90 (3d Cir. 2005). A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition,

a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab,* 132 F. App'x at 990 (citing *Zayas,* 311 F.3d at 258).

Parekh's instant petition is duplicative of another petition for writ of habeas corpus pending before the Court. (Doc. 1); *Parekh v. Warden*, 3:26-CV-1835, Dkt. No. 1. On July 7, 2026, Parekh filed a petition for writ of habeas corpus requesting that the Court order his release from detention at the Pike County Correctional Facility. *Parekh v. Warden*, 3:26-CV-1835, Dkt. No. 1. Parekh's July 7th petition and Parekh's instant petition are substantially similar and contest the same period of immigration detention. (Doc. 1); *Parekh v. Warden*, 3:26-CV-1835, Dkt. No. 1. Parekh also previously filed two other petitions for writ of habeas corpus before the Court, which were both denied. *Parekh v. Warden*, 3:26-CV- 1375, Dkt. Nos. 1, 12; *Parekh v. Warden*, 3:26-CV-1719, Dkt. Nos. 1, 4. As the posture of Parekh's confinement has not changed, and Parekh's instant petition for writ of habeas corpus is substantially similar to his July 7th petition, the instant petition need not be entertained by the Court. *Esogbue,* 142 F. App'x at 100 (citing *Kuhlmann,* 477 U.S. at 454); *Abdel-Whab,* 132 F. App'x at 990 (citing *Zayas,* 311 F.3d at 258).

For the foregoing reasons, the Court **STRIKES** Petitioner Tejas Vishnubhai Parekh's ("Parekh") petition for writ of habeas corpus from the record. (Doc. 1). The Clerk of Court is directed to close this matter.

BY THE COURT:

Dated: July 29, 2026

/s/ *Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**